Good morning, Judge Hawkins, Judge Hugg, Judge Fletcher, John Hilsman appearing on behalf of Plaintiff Appellant McDonald. May it please the Court, I'd like to reserve, if I may, two minutes of my time for rebuttal. I would like to spend the rest of the time answering any questions the Court has, but along the way, if possible, I'd like to emphasize four quick points. The first is obvious but important to us in the sense that it's kind of the key to the rest, and that is that the Pennsylvania Rule is a simple and elegant rule of evidence that shifts the burdens of proof and persuasion in maritime cases and requires statutory violators like Kahikolu to prove with clear and convincing evidence that their statutory violation could not have been a cause of the plaintiff's accident, however slight. And this Court has repeatedly indicated that that burden, quote, is extremely difficult, if not impossible to bear, and therein lies the penalty on the statutory violator. And it's the penalty part of that that I want to emphasize, which brings me to my second point. The second point is that the Pennsylvania Rule was not designed to help the plaintiff. It was designed for a broad social purpose of penalizing statutory violators, deterring others from following their example, and enforcing maritime safety statutes, all maritime safety statutes, which the scope of the Pennsylvania Rule is as broad as its purpose. The rule, according to the Supreme Court's decision as early as 1894, applies to all statutory violators who are party to a marine accident. Now, Kahikolu and the decision below has suggested that the Pennsylvania Rule either does not apply to Jones Act cases, or if it does, that it only applies to Jones Act cases involving collisions or near collisions or man overboard situations. These retreating arguments defeat or, in fact, affront the simplicity and elegance of the rule, and festoon the rule with a series of exceptions and provisos and corollaries that are not only illogical and not only have no place in the law, but which hamper the overall purpose of the rule. Counsel, it applies, if we were to adopt it, only to statutory violations? No, Your Honor. As this Court indicated in the Mathis case, it applies both to statutory and regulatory violations. The Court has correctly pointed out that the violation in this case is a violation of the commercial diving regulations. But it does apply to both. And do those regulations have anything to do with free diving, or are they regulations with regard to use of breathing equipment like scuba equipment? Judge Huggins, you've touched the very heart of the case, and that's why I want to address it this way. If we accept, as I hope we do, that the Pennsylvania Rule applies to Jones Act cases, the only remaining question is whether it indeed applies in this case to shift the burden. And over the 136 years that the rule has been in effect, courts have essentially adopted, and this is a quote from the Nautilus transport case, adopted a three-step analysis. The first question is, was there a statutory violation? That's admitted here, a regulatory violation. The second step was, does the statute of regulation involve marine safety or navigation? This involves submarine safety. The third step, and this is the one that is the key to answering your question, Judge Huggins, the injury suffered must be of a nature that the statute or regulation was intended to prevent. Now, these commercial dive regulations were intended to prevent hyperbaric injuries, and that is precisely the kind of injury that Mr. McDonald suffered. There's no question that Mr. McDonald was a free diver, but there's nothing in the Pennsylvania Rule or the elegance by which it enforces statutes which requires, specifically or otherwise, the plaintiff to be a member of the class for whom the statute was enacted. Last time we were up here, we were up here in the same case on an application of the Kernan rule of per se liability, where the defense made the exact same argument. And the court noted in that case that the fact that Mr. McDonald was not a member of the class did not mean that Kernan didn't apply. And that's because as the Pennsylvania Rule. It's not here for the protection. Could it have been if the regulations were, in fact, on the ship? Well, Your Honor, there then would have been a dive manual. There would have been a dive master who was conversant, in fact, required to know line and chapter every single provision in the commercial dive regs. And the testimony below was that had that been the case, there would have been, as was required by the regulation, a pre-dive conference and evaluation of the hyperbaric risk. And in this case, we're talking about a 40-foot dive, Your Honor, which is three times the pressure of this room and twice the height of this room. If all those things happened, the injury could have been prevented. And that's all that we have to conclude here. The regulation required that a dive manual be on board the vessel? Yes, sir. Did it require that the dive manual be read aloud or explained? It required that the dive manual be administered by a dive supervisor who was conversant with the regulations. What does administer mean? It was the dive supervisor's responsibility to ensure that all diving activities from the vessel took place in compliance not only with the manual, but with the regulations. That's what it meant. And again, under the Pennsylvania rule, it's not my burden to show that this probably would have prevented the accident, merely that it could have. There's a lot of speculation involved here, and that speculation is required by the statute, by the statutory violation. The rule is a drastic one, and it's not fair. That's been an argument that we've heard again and again, but it wasn't designed to be fair. If the owner of Kahikolo finds that it would be unfair to suffer the presumption that we're asking the court to impose upon the proceedings, that unfairness is exactly the purpose of the rule. It means that next time, before he violates the statute, he'll think twice. And that's exactly why we're here. And I believe that's exactly the error which the district court made in this case. If there are no other questions, I would very much like to reserve the remainder of my time for the panel. Thank you for your time. Thank you, Your Honor. Counsel? May it please the Court, I'm Mitch Griffin, and I represent Kahikolo Limited, DBA Frogman Charters, the defendant Appelli. There's a lot of reasons why the district court's decision on remand should be affirmed, but the simplest reason is this. Either this appeal is a waste of this court's time, or the prior appeal that we had in this case was a waste of the court's time. Clearly, this is the appeal that is a waste of the court's time, and I'll tell you why. In the prior case, the issue that was presented by this appellant is whether the rule, the Kernan rule, 1958 Supreme Court case, whether the Kernan rule should have been applied, because we had a statutory violation. We didn't have a dive manual that would apply only to, frankly, to compressed air diving or a dive master who would give instructions regarding compressed air diving. We didn't have that on board. We knew that last time we were here. And the appellant was arguing that the court should have considered the rule of Kernan. Kernan, in Kernan the Supreme Court held that if you've got a regulatory violation and the plaintiff can prove that it caused his injuries or her injuries, then that's considered negligence per se, and the employer cannot argue comparative negligence. So you pass the Kernan test, you're home. That's all you need. It doesn't make any sense now for us to be back here with this same appellant saying, well, you know, actually what I really meant was that once you have a regulatory violation, which we knew about when we were here last time, it's the employer's duty to rebut a presumption of negligence. What happens to Kernan if that becomes the rule in regulatory or statutory violation cases in Jones' cases? Every single time you've got a regulatory, statutory violation, Kernan disappears. It is rendered meaningless because suddenly you've got the employer having to rebut. And if he can't rebut, he's got negligence per se, he's got no comparative negligence, Kernan goes away. It's replaced by the Pennsylvania rule. But the Pennsylvania rule has been around for 89 years. Kernan's been around 50 years. Why didn't this happen 50 years ago? Why didn't the Supreme Court say when they ruled on Kernan 50 years ago, well, if you can show a regulatory violation, that's it, you're home. The employer has to rebut a presumption of negligence, and if the employer can't, you're done, we're moving on to damages. They didn't do that. And that's not the law. And I'm urging the court to hold cleanly, like the Second and Third Circuits have done, that Jones' Act cases, Pennsylvania rule just can't, they just don't mesh with the rule of Kernan. They don't mesh with Jones' Act cases. And really the courts have struggled with this issue. There's been, in the very few Jones' Act cases, and there really are very few, I think you'll see that from the briefs, where the Jones' Act, where the Pennsylvania rule has been discussed in the context of a Jones' Act case. And by the way, the Jones' Act's been around for 89 years, and the Pennsylvania rule existed that whole time. There's been about, there's been three categories of cases, one that I've just mentioned already, the Second and Third Circuit, that just say, no, the Jones' Act, really the basis for the Pennsylvania rule doesn't fit within Jones' Act cases. It makes sense where you've got ships colliding, or ships hitting a stationary object, or a ship sinking. It makes sense when you find out that one of those ships was in violation of a navigational regulation or statute, that this navigational disaster probably was caused by that navigational violation. And we're going to presume, therefore, that that ship was in violation and make them rebut it. That reminds me of my favorite all-time law review title. And the title of the piece was damages in bridge accidents in intercoastal waterways, colon. You have to have a colon in a law review article. What happens when the ship hits the span? Go ahead. Okay. I'll see if I can. Your Honor, then you've got a second category of cases, and the Mathis case from this circuit is one of those categories where the court seems to be considering application of the Pennsylvania rule to a Jones' Act case, but then says, well, gee, this guy gets his leg pinched between two boats, and his attorneys find out that somebody on one of the boats doesn't have a card. Under regulations, he's supposed to be carrying this card. That's a statutory violation. But gosh, to shift the burden now over to the employer because some guy standing by doesn't have a card in his pocket, that doesn't make sense. And that situation would come up over and over again in Jones' Act cases where you've got a wide range of regulations that regulate the seaman's workplace, so many of which would have nothing to do with the injury, as opposed to navigational accidents and navigational rules. And so in the Mathis case, the court actually didn't apply the Pennsylvania rule. They added a step. They said, well, there's no nexus between this guy carrying this card. Your argument is that a plaintiff in a Jones' Act case ought to be required to prove a causal connection between the regulatory violation and the injury. Yes. And that's what the Mathis court said. They actually didn't apply the Pennsylvania rule, even though they talked about it. The Mathis court said, you've got to show a causal nexus. They were really kind of going back to the Kernan case. Even though you've got statutory violation, you still have to show a causal connection. And therefore, you know, they talked about the Pennsylvania rule, but I think they were really applying Kernan. I think it would be cleaner if we just said Pennsylvania rule doesn't apply to Jones' Act cases as the Second and Third Circuit did. The only other cases we have that have talked about the Pennsylvania rule in this context are the two man-over-board cases, the Seaboard case and the Reyes case. And there are a lot of other policy considerations for not putting the survivors to the ‑‑ having to prove causation when the decedent seaman has disappeared at sea. You've also got the rescue doctrine in that situation, which already places upon the shipowner a high degree of diligence in rescuing that person. So if they fail to rescue the person, the courts say, let's put it on that shipowner to prove that they were not negligent. So those are the three categories of cases. In 89 years of Jones Act cases, those are the very few cases that even discuss this issue, except ‑‑ and then we've got this Alaska Supreme Court case, Horton, which I think is the only case that we found where the Pennsylvania rule was just flat out applied to the Jones Act. And I think, as we've said in our brief, I think that that case is wrong. We ‑‑ this case was remanded. The district court followed Kernan on this court's instructions and said, okay, we've got statutory violations. We've got to now see, is there a causal connection between those violations and the injuries? The court found on the facts, the trial court, that there is no causal connection, not even in the slightest. So here we are now, and the defendant should have to rebut a presumption of causation that just doesn't make any sense logically or legally. It's totally inconsistent with what we were doing here last time. And that's why I think this ‑‑ this appeal, unfortunately, is a waste of everybody's time. I have nothing further to say. Okay. All right. Thank you. Per your argument, rebuttal. Mr. Griffin's opportunity to make those arguments occurred 136 years ago when the Pennsylvania rule was handed down. Let me explain why this is not a waste of this court's time. As the court knows, in order to get liability in a Jones Act case or any tort case, you have to prove a violation of the standard of care, causation, and damages. Kernan deals only with the first of those three. It deals with the violation of the standard of care. It doesn't deal with damages at all. It's a substantive ‑‑ I beg your pardon, with causation at all. It's a substantive rule. In fact, we argued last time we were up here, we invited the court to apply the Pennsylvania rule to save us from the remand, but the panel at that time recognized that since the judge had not even reached the causation rule because of the error she made with respect to the Kernan rule, it had to remand us for a causation determination. The Pennsylvania rule is an evidentiary rule which applies to the causation question and shifts the burden of proof on that question to the defense. We're not wasting anybody's time. Nobody has yet had that burden shift, and Mr. Griffin's arguments haven't had an opportunity to be heard by the district court. That's why we're here. That's why we had to come twice. The suggestion that the Pennsylvania rule doesn't apply to Jones Act cases is dead on arrival. This Court has already applied it to a Jones Act case in the Mathis case. So is the Fifth Circuit. So is the Eleventh Circuit. Those are the three most prominent maritime circuits in the country. The argument that Mr. Griffin just made about the Mathis case deals again with this third factor. In the Mathis case, there was a statutory violation. It was a violation that dealt with a navigational issue, but there was no injury that was of a nature that the regulation was intended to prevent. Clearly, having a — an endorsement on the — on your license has no — is not designed to prevent people from climbing aboard vessels in improper fashion. There's just no nexus. And that's why the Court said — and it's just a different locution. It's just a different locution of this factor. The Court said there was no conceivable nexus. In this case, there is. This is a situation where we have a hyperbaric injury, and the very violation that we're talking about is a violation of a regulation that was intended to prevent hyperbaric injuries. So while I empathize with Mr. Griffin's frustration, the suggestion that he just made that this case is a waste of everybody's time is just flat wrong. This defendant has not yet been compelled to offer clear and convincing evidence that its violation, its admitted violation of a marine safety statute, could not have caused this accident. And that's why we need to go back down. Okay. Thank you, Your Honor. Thank you both for your arguments. Excellent arguments. Interesting issue. Case is submitted for decision on
judges: Hug, Fletcher B. , Hawkins